IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSEMARY SOTO,

   Plaintiff,

vs.            No. CIV 08-0404 RB/LAM

CITY OF ROSWELL, a municipal
corporation, and JOHN CAPPS and
LAWRENCE LOY, in their individual
and official capacities,

   Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

  **THIS MATTER** came before the Court on Defendants City of Roswell and John Capps'

Motion to Dismiss, pursuant to Rule 12(b)(6), filed on May 21, 2008 and amended on June 24, 2008,

and Defendant Lawrence Loy's Motion to Dismiss, pursuant to Rule 12(b)(6), filed on July 21,

2008.  Plaintiff Rosemary Soto's Motions to Strike Exhibit, filed June 6, 2008 and August 1, 2008,

are also before the Court.  For purposes of judicial economy, the Court will address all pending

motions in this memorandum opinion and order.  Jurisdiction is founded upon 28 U.S.C. § 1331.

Having considered the submissions of the parties, relevant law, and being otherwise fully advised,

Defendants City of Roswell and Mr. Capps' Motion to Dismiss is **GRANTED IN PART AND**

**DENIED IN PART**; Defendant Mr. Loy's Motion to Dismiss is **DENIED**; Plaintiff Ms. Soto's

Motions to Strike are **DENIED**.

I.  **Background.**

  Ms. Soto makes the following allegations, which for purpose of analyzing the Defendants'

Motions to Dismiss, pursuant to Rule 12(b)(6), are assumed to be true. *David v. City & County of*

*Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

Defendant City of Roswell is a municipal corporation of the State of New Mexico.  At all times material to this suit, Defendant Mr. Capps served as the City Manager of the City of Roswell, and Defendant Mr. Loy served as City of Roswell Municipal Court Judge.  Mr. Capps and Mr. Loy admit that, at all times relevant to this suit, they were acting under color of law and in the course and scope of their employment.

Plaintiff Ms. Soto was hired as a clerk in the City of Roswell Municipal Court in 2000.  In 2005, Plaintiff was promoted to the position of Chief Clerk of the Municipal Court.  As the Chief Clerk, Plaintiff supervised the other clerks and was responsible for the day to day operations of the Municipal Court.  At all relevant times to this suit, Ms. Soto was a classified employee of the Municipal Court.  Plaintiff worked under the authority of the Municipal Judge.  In August 2007, following the retirement of the Hon. Hector Piñeda, Mr. Loy was appointed to the position of Municipal Judge.  After his appointment to the bench, Mr. Loy expressly made the City's Personnel Rules and Regulations applicable to the classified employees of the Municipal Court.  Ms. Soto alleges that, based on the City's Personnel Rules and Regulations, she had a protected property interest in her employment and could only be terminated for cause.

After Mr. Loy took the bench, Plaintiff became concerned about what she believed to be Mr. Loy's unlawful sentencing practices.  Plaintiff approached Mr. Loy and expressed her concerns. Mr. Loy was not responsive to Plaintiff's concerns and made it clear that he did not welcome Ms. Soto's advice.  Rebuffed by Mr. Loy, but still concerned that his sentencing practices were illegal, Plaintiff contacted an attorney at the New Mexico Municipal League on October 24, 2007 to explain her concerns and ask for advice on how to proceed to resolve them. Plaintiff was told to bring her concerns before the Roswell City Attorney's Office for resolution.  On October 26, 2007, Plaintiff met with the Assistant City Attorney and explained her concerns.  On November 6, 2007, the

2

Assistant City Attorney met with Mr. Loy and explained Plaintiff's concerns.

On November 7, 2007, Mr. Loy informed Plaintiff that she was being transferred from her position as Chief Clerk of the Municipal Court to the position of Police Radio Dispatcher. Plaintiff was informed that the transfer was a lateral move, which was not a disciplinary action and not related in any way to unsatisfactory work performance. The Police Radio Dispatcher position paid a slightly higher hourly wage, but it would not be a supervisory position, would involve a night time shift, and would include variable hours, including weekends, holidays, and split shifts. Plaintiff would also be required to secure and pay for child care in order to be able to work the night time, weekend, holiday, and split shifts. Ms. Soto believed that the Police Radio Dispatcher position was less prestigious and more stressful than her position as Chief Clerk of the Municipal Court.

Plaintiff appealed the decision, and on November 14, 2007, in a meeting with Mr. Capps, Plaintiff was told that she would have until November 27, 2007 to accept or decline the Police Radio Dispatcher position. On November 30, 2007, Mr. Capps approved Ms. Soto's transfer and filed a written decision that the transfer did not constitute a demotion or discipline under the City's Personnel Rules and Regulations and that the transfer would not result in unusual hardship or adverse impact.

Plaintiff appealed the transfer decision on December 5, 2007. Plaintiff failed to report to work for the Police Radio Dispatcher position while her appeal was pending. On December 10, 2007, Plaintiff was given notice of termination for failure to report to work. The termination notice described Plaintiff as having voluntarily resigned from her position as a Police Radio Dispatcher based on the fact that she had been absent without leave on December 5-7, 2007.

On December 14, 2007, Plaintiff once again filed an appeal. On December 26, 2007, Plaintiff met with Mr. Capps, who told her that the decision to transfer her to the Police Radio

Dispatcher position and voluntary resignation for failure to report to work would be final.  On March 20, 2007, Mr. Capps issued a handwritten final decision, affirming Plaintiff's transfer and termination for failure to report to work.

On April 21, 2008, Ms. Soto filed this lawsuit, pursuant to 42 U.S.C. § 1983, claiming that the City of Roswell, Mr. Loy, and Mr. Capps violated her free speech and procedural due process rights, as guaranteed by the First and Fourteenth Amendments of the United States Constitution.[1] On May 21, 2008, Defendants City of Roswell and Mr. Capps filed their Motion to Dismiss all claims, pursuant to Rule 12(b)(6).[2]  On July 21, 2008, Mr. Loy filed his Motion to Dismiss Plaintiff's Procedural Due Process Claim, pursuant to Rule 12(b)(6).  On June 6, 2008 and August 1, 2008, Ms. Soto filed her Motions to Strike the City's Personnel Rules and Regulations from Defendants' Motions to Dismiss.

## II.      Rule 12(b)(6) Standard.

A claim for relief may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  For purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David*, 101 F.3d at 1352.  The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## III.     Discussion.

---

[1]Plaintiff amended her complaint on June 10, 2008.

[2]Defendants City of Roswell and Mr. Capps amended their motion on June 24, 2008.

4

### A.  City of Roswell Personnel Rules and Regulations.

Defendants appended the City of Roswell Personnel Rules and Regulations to their Motions to Dismiss, pursuant to Rule 12(b)(6).  Plaintiff has moved to strike the exhibits.  Rule 12(d) mandates that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d) (emphasis added).  The City's Personnel Rules and Regulations, however, were referenced by the Plaintiff in her complaint and serve as a basis for her claim that she has a property interest in continued public employment.  The Tenth Circuit Court of Appeals has instructed that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The City's Personnel Rules and Regulations, therefore, are properly before the Court, and Plaintiff's Motion to Strike must be denied.

### B.  Municipal Liability.

Municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially ordered or sanctioned. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).  Only those municipal officials who have "final policymaking authority" may, by their actions, subject the municipality to § 1983 liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  Whether a particular official has "final policymaking authority" is a question of state law. *Praprotnik*, 485 U.S. at 124.  The Supreme Court of New Mexico has made it clear Mr. Loy, as the Municipal Court Judge for the City of Roswell, has "final policymaking authority" to establish personnel

rules and regulations for Municipal Court employees and to make employment related decisions–including hiring, firing, promoting, and disciplining–for Municipal Court employees. *See Mowrer v. Rusk*, 95 N.M. 48, 53-56, 681 P.2d 886, 891-994 (N.M. 1980); *see also* NM Stat. § 35-14-1.  Because Mr. Loy has "final policymaking authority," the City of Roswell may be subject to liability, pursuant to § 1983, for acts which he officially ordered or sanctioned. *See Praprotnik*, 485 U.S. at 123.

**C.  Separation of Powers.**

Article III of the New Mexico Constitution provides:

> The judicial power of the state shall be vested in the senate when sitting as a court of impeachment, a supreme court, a court of appeals, district courts, probate courts, magistrate courts and such other courts inferior to the district court as may be established by law from time to time in any district, county or municipality of the state.

"As it relates to the authority of the judiciary, Article III of the New Mexico Constitution bars any infringement upon the power and the authority of the judiciary by the executive and legislative branches of the government at any level of state or local government." *Mowrer*, 95 N.M. at 52, 681 P.2d at 890.

Article VI, Section 3 of the New Mexico Constitution vests superintending control in the Supreme Court over all inferior courts.  Article VI, Section 13 of the New Mexico Constitution vests in the district courts supervisory control over all cases originating in courts or tribunals inferior to the district courts.  "Any action of the executive or legislative branch of the municipal government which would preclude the Supreme Court or the district court from exercising its superintending or supervisory authority over the municipal court violates Article III and Article VI, Sections 3 and 13 of the New Mexico Constitution." *Mowrer*, 95 N.M. at 52-53, 681 P.2d at 890-91.

6

A municipal official falling within the executive branch of government is prohibited by the doctrine of separation of powers to directly or indirectly exercise control over an employee of a municipal court. *Mowrer*, 95 N.M. at 52-53, 681 P.2d at 890-91.  As a legal matter, Mr. Capps, as a member of the executive branch of government, had no legal authority to transfer Ms. Soto to employment outside the Municipal Court, terminate Ms. Soto's employment with the Municipal Court, or review decisions relating to Ms. Soto's employment with the Municipal Court. *See Id.*  As a matter of law, Mr. Capps only had authority to offer Ms. Soto a position as a Police Radio Dispatcher, in anticipation that Mr. Loy would terminate her employment with the Municipal Court, and later accept Ms. Soto's refusal of employment as the Police Radio Dispatcher or voluntary resignation from that position.  All claims against Mr. Capps, in his official and individual capacities, therefore, must be dismissed for failure to state a claim upon which relief can be granted.

As a matter of law, Ms. Soto cannot base her § 1983 claim against Mr. Loy and the City of Roswell on allegations that she was *transferred* from her position with the Municipal Court to a position as a Police Radio Dispatcher. Mr. Loy lacked any authority to transfer Ms. Soto to a position in another branch of government. *Mowrer*, 95 N.M. at 52, 681 P.2d at 890.  Instead, he only had authority to terminate her employment with the Municipal Court, transfer her to another position within the Municipal Court, or take more limited disciplinary action. *Id.*  Nevertheless, this Court is required to construe Ms. Soto's pleadings so as to do justice. Fed.R.Civ.P. 8(e). Therefore, taking into consideration the New Mexico Supreme Court's teachings on the doctrine of separation of powers, the Court construes Ms. Soto's allegations regarding the involuntary transfer from her position as Chief Clerk of the Municipal Court to Police Radio Dispatcher in the following manner: Mr. Loy terminated Ms. Soto's employment with the Municipal Court,

and Mr. Capps merely offered Ms. Soto employment as a Police Radio Dispatcher.  The Court

finds that, as a preliminary matter, Ms. Soto can and has made sufficient allegations to state a

claim, pursuant to § 1983, against Mr. Loy and the City of Roswell for violating her

constitutionally protected rights by *terminating* her employment with the Municipal Court. *See*

*Twombly*, 127 S.Ct. at 1965.

**D.  Procedural Due Process.**

The Fourteenth Amendment's protection of procedural due process applies only to an

individual deprived of a recognized property or liberty interest.  *Board of Regents v. Roth*, 408

U.S. 564, 569 (1972). "Property interests are not created by the Constitution itself, but may be

defined by independent sources such as state statutes, regulations, municipal ordinances,

university rules, and even express or implied contracts." *Anglemyer v. Hamilton County*

*Hospital*, 58 F.3d 533, 536 (10th Cir. 1995).  In order to have a property interest in public

employment, a plaintiff must have more than a "unilateral expectation;" instead, she must have

"a legitimate claim of entitlement to it." *See Roth*. 408 U.S. at 577.

In New Mexico, employment without a definite term is presumed to be at-will. *Trujillo v.*

*Northern Rio Electric Cooperative, Inc.*, 131 N.M. 607, 615, 41 P.3d 333, 341.  As a matter of

law, a public employee cannot have a property interest in at-will employment. *See Anglemyer*,

58 F.3d at 536-37.  The New Mexico Supreme Court has specifically held that "[p]ersonnel

directly employed by the courts cannot constitutionally be included in a general merit system or

ordinance." *Mowrer*, 95 N.M. at 55, 681 P.2d at 893. Therefore, based on the separation of

powers doctrine, Ms. Soto cannot have a property interest in continued employment with the

Municipal Court based upon a general enactment by the City of Roswell of a merit system or

personnel rules and regulations, despite the fact that she believed herself to be a classified

8

employee. *See Id.*  Instead, there must be an independent basis, applicable only to employees of the Municipal Court, upon which Ms. Soto can assert a legitimate claim of entitlement to continued public employment. *See Roth.* 408 U.S. at 577.

Ms. Soto alleges that her property interest to continued employment with the Municipal Court was based on Mr. Loy expressly making the City's Personnel Rules and Regulations applicable to the classified employees of the Municipal Court.  However, because the City's Personnel Rules and Regulations explicitly grant authority over a range of employment decisions to municipal officials within the executive branch–including the City Manager and the Human Resources Department–and employ a "best interest of the City" standard, these rules and regulations are unconstitutional as applied to employees within the judicial branch of government. *Mowrer*, 95 N.M. at 52-53, 681 P.2d at 890-91. Indeed, a municipal official falling within the executive branch of government is prohibited by the doctrine of separation of powers from directly or indirectly exercising any level of control over an employee of a municipal court. *Id.*  The provisions of the City's Personnel Rules and Regulations, therefore, do not apply to Ms. Soto, and her property interest in continued public employment cannot be based on the City's Personnel Rules and Regulations.

New Mexico courts recognize implied contracts arising out of an employer's promise not to fire an employee, except for just cause. *Garrity v. Overland Sheepskin Co. of Taos*, 121 N.M. 710, 713, 917 P.2d 1382, 1385 (N.M. 1996).  An implied contract arising out of a public employer's promise not to fire an employee, except for just, cause can create a legitimate entitlement to continued public employment. *Anglemyer*, 58 F.3d at 536.  An implied contract modifying the presumption of at-will employment does not require additional consideration or mutual assent. *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 426-27, 773 P.2d 1231, 1233-34

(N.M. 1989).  Indeed, a promise or offer that supports an implied contract might be found in written representations, in oral representations, in the conduct of the parties, or in a combination of representations and conduct. *See Id*. (noting that the totality of the parties' relationship, circumstances, and objectives are to be considered in determining whether the presumption of at will employment has been rebutted).  Nevertheless, to create contractual rights, the terms of the representations must be sufficiently explicit to create a reasonable expectation of an implied contract. *Garrity*, 121 N.M. at 713, 917 P.2d at 1385.  The Court finds that Mr. Loy's alleged representations to the employees of the Municipal Court that the City's Personnel Rules and Regulations were applicable to them, although unconstitutional, could have created implied contractual rights giving rise to Ms. Soto's property interest in continued public employment. Whether an implied contract actually has been formed is largely a question of fact.  *See Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 670, 857 P.2d 776, 781 (N.M. 1993).  Ms. Soto's allegations, however, are sufficient to state a claim upon which relief can be granted. *See Twombly*, 127 S.Ct. at 1965.

"While a municipality may elect not to confer a property interest in public employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  Minimum procedural requirements are a matter of federal law, and they are not diminished by the fact that a municipality has specified its own procedures. *Vitek v. Jones*, 445 U.S. 480, 491 (1980).  The root requirement of the Due Process Clause mandates that an individual be given notice and an opportunity for a hearing appropriate to the nature of the case *before* she is deprived of any significant property interest. *Loudermill*, 470 U.S. at 542.  The pre-termination hearing, though necessary, need not be elaborate. *Boddie v. Connecticut*, 401 U.S.

371, 378 (1971).  "The tenured public employee is entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." *Loudermill*, 470 U.S. at 546. Finally, the existence and nature of post-termination procedures are relevant to the necessary scope of pre-termination procedures. *Id.* at 547 fn. 12.

In this case, the procedural mandates outlined in the City's Personnel Rules and Regulations are inapplicable to Ms. Soto and irrelevant to this Court's analysis as to what process is due before she could be terminated from her public employment. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  In addition, any pre-termination or post-termination procedures provided by Mr. Capps or another executive branch official are legally insufficient because the Due Process Clause requires a "meaningful opportunity to invoke the discretion of the decisionmaker," which this Court interprets to be a judicial branch official with actual authority to alter the decision to terminate Ms. Soto's employment with the Municipal Court. *See Loudermill* 470 U.S. at 543.  Ms. Soto alleges that she was not provided notice of the charges against her, not given an explanation of evidence upon which the decision to terminate her employment was based, not provided a meaningful opportunity to present her side of the story, and not provided a meaningful hearing before an individual with actual authority to alter the decision to terminate her employment. *See Id.* at 546.  Plaintiff, therefore, has made sufficient factual allegations against Mr. Loy and the City of Roswell to state a claim upon which relief can be granted, pursuant to 42 U.S.C. § 1983, for deprivation of her procedural due process rights. *Twombly*, 127 S.Ct. at 1965.

**E.  Freedom of Speech.**

The Supreme Court has identified three inquiries to guide this Court's interpretation of

the constitutional protections accorded to the speech of public employees: (1) whether the speech was pursuant to the employee's official duties; (2) whether the public employee was speaking as a citizen addressing a matter of public concern, and (3) whether the speech undermined the government's interest in an effective work environment. *Pickering v. Bd. of Educ. Of Township High School Dist.205, Will Cty.*, 391 U.S. 563, 568 (1968); *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421.  In this case, Ms. Soto's speech was in relation to Mr. Loy's sentencing practices as a Municipal Judge. Advising a Municipal Judge with regards to his sentencing practices or attempting to exercise oversight authority over a Municipal Judge is outside the scope of duties of the Chief Clerk of the Municipal Court. *See* NM Stat. 32A-5-7 (1978).  Article VI, Section 3 of the New Mexico Constitution vests superintending control and oversight authority in the Supreme Court over all inferior courts.  Article VI, Section 13 of the New Mexico Constitution vests in the district courts supervisory control and oversight authority over all cases originating in courts or tribunals inferior to the district courts.  Indeed, the legal authority to correct any mistakes of law committed by a Municipal Court Judge is expressly granted to superior courts, not to municipal clerks.

Finding that Ms. Soto's speech was outside the scope of her official duties, the Court must determine whether Ms. Soto was speaking as a citizen addressing a matter of public concern. *Pickering*, 391 U.S. at 568.  "When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).  Nevertheless, the First Amendment protects a public employee's right, in

certain circumstances, to speak as a citizen addressing matters of public concern. *Id.* at 417. Whether the speech was a matter of public concern is an issue of law. *Connick v. Myers*, 461 U.S. 138, 147 fn. 7 (1983).  The Court finds that, as a matter of law, the allegedly illegal sentencing practices of a municipal judge are a matter of public concern. *See* NM Stat. § 35-14-4 (1978) (noting that in New Mexico municipal judges are publicly elected officials).

       Finding that Ms. Soto was speaking out on a matter of public concern, the Court must engage in the delicate balancing between the need of public employees to speak out on matters of public concern and the need of government employers to maintain an effective work environment. *See Pickering*, 391 U.S. at 568.  "A government entity has broad discretion to restrict speech when it acts in its role as employer, but the restrictions it imposes must be directed at speech that has some potential to affect the entity's operations." *Garcetti*, 547 U.S. at 418.  In this case, Ms. Soto's speech was discrete and only directed toward municipal officials Ms. Soto believed had authority to correct Mr. Loy's allegedly illegal sentencing practices, i.e., Mr. Loy, the New Mexico Municipal League, and the Roswell City Attorney's Office (Doc. 9). There is no indication in the record that Ms. Soto's speech disrupted the operations of the Municipal Court.  Indeed, according to Ms. Soto's complaint she was specifically told that her work performance was satisfactory (Doc. 9).  Thus, accepting the allegations in Ms. Soto's complaint as true and construing them in the light most favorable to her, the Court finds that Ms. Soto's First Amendment interest in speaking out against Mr. Loy's allegedly illegal sentencing practices outweighs the government's interest in restricting her speech. *See David*, 101 F.3d at 1352; *Garcetti*, 547 U.S. at 418. The Court, therefore, finds Ms. Soto has stated a free speech retaliation claim, pursuant to § 1983, upon which relief can be granted.

**IV.**    **Conclusion.**

Ms. Soto has made sufficient factual allegations against Mr. Loy and the City of Roswell to state a claim upon which relief can be granted, pursuant to § 1983, for deprivation of her free speech and procedural due process rights.  Ms. Soto, however, cannot state a claim upon which relief can be granted against Mr. Capps because, as a matter of law, he lacked supervisory authority over Ms. Soto during her employment with the Municipal Court.  Finally, the City of Roswell's Personnel Rules and Regulations are properly before the Court.

**WHEREFORE,**

**IT IS ORDERED** that  Defendants' City of Roswell and Mr. Capps' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Mr. Loy's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Ms. Soto's Motions to Strike are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

14