IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROSEMARY SOTO,**

    **Plaintiff,**

vs.                                                          No. CIV 08-0404 RB/LAM

**CITY OF ROSWELL, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** came before the Court on Defendant Lawrence Loy's Second Motion to Dismiss Plaintiff's Procedural Due Process Claim, filed on March 9, 2009. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Mr. Loy's Motion to Dismiss is **DENIED**.

**I.**    **Background.**

    The following background narrative is based on Plaintiff Rosemary Soto's allegations which, at this stage of the litigation, have not been substantiated. However, for the purpose of analyzing Mr. Loy's Motion to Dismiss, pursuant to Rule 12(b)(6), Ms. Soto's allegations are assumed to be true. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

    Ms. Soto was hired as a clerk in the City of Roswell Municipal Court in 2000. In 2005, Ms. Soto was promoted to the position of Chief Clerk of the Municipal Court. As the Chief Clerk, Ms. Soto supervised the other clerks and was responsible for the day to day operations of the Municipal Court. Ms. Soto worked under the authority of the Municipal Judge. In August 2007, following the retirement of the Hon. Hector Piñeda, Mr. Loy was appointed to the position of Municipal Judge. After his appointment to the bench, Mr. Loy issued a statement expressly making the City's

Personnel Rules and Regulations applicable to the classified employees of the Municipal Court. Ms. Soto alleges that, based on the City's Personnel Rules and Regulations, she had a protected property interest in her employment and could only be terminated for cause.

After Mr. Loy took the bench, Ms. Soto became concerned about what she believed to be Mr. Loy's unlawful sentencing practices. Ms. Soto approached Mr. Loy and expressed her concerns. Mr. Loy was not responsive to her concerns and made it clear that he did not welcome Ms. Soto's advice. Rebuffed by Mr. Loy, but still concerned that his sentencing practices were illegal, Ms. Soto contacted an attorney at the New Mexico Municipal League on October 24, 2007 to explain her concerns and ask for advice on how to proceed to resolve them. Ms. Soto was told to bring her concerns before the Roswell City Attorney's Office for resolution. On October 26, 2007, Ms. Soto met with the Assistant City Attorney and explained her concerns. On November 6, 2007, the Assistant City Attorney met with Mr. Loy and explained Ms. Soto's concerns.

On November 7, 2007, Mr. Loy informed Ms. Soto that she was being transferred from her position as Chief Clerk of the Municipal Court to the position of Police Radio Dispatcher. Ms. Soto was informed in the meeting with Mr. Loy that the transfer was a lateral move, which was not a disciplinary action and not related in any way to unsatisfactory work performance. Shortly after the meeting with Mr. Loy, Ms. Soto received a written notice confirming the transfer and advising her that, upon request, she was entitled to a predetermination hearing. Ms. Soto provided timely, written notice of her request for a predetermination hearing. She also later filed a formal administrative grievance appealing the transfer decision and requesting a hearing.

On November 14, 2007, in a meeting with the City Manager John Capps, Ms. Soto was told that the City was entitled to transfer her to the position of Police Radio Dispatcher, without cause.

2

She was also informed that she would have until November 27, 2007 to accept or decline the Police Radio Dispatcher position. Ms. Soto timely submitted a letter informing the City of her decision not to accept the transfer. On November 30, 2007, Mr. Capps issued a written decision transferring Ms. Soto to the Police Radio Dispatcher position. The written decision stated that the transfer did not constitute a demotion or discipline under the City's Personnel Rules and Regulations and that the transfer would not result in unusual hardship or adverse impact.

Ms. Soto, again relying on the City's Personnel Rules and Regulations, appealed the transfer decision on December 5, 2007. However, she failed to report to work for the Police Radio Dispatcher position while her appeal was pending. On December 10, 2007, Ms. Soto was given notice of termination for failure to report to work. The termination notice described Ms. Soto as having voluntarily resigned from her position as a Police Radio Dispatcher based on the fact that she had been absent without leave on December 5-7, 2007.

On December 14, 2007, Ms. Soto once again filed an appeal. On December 26, 2007, she met with Mr. Capps, who told her that the decision to transfer her to the Police Radio Dispatcher position and voluntary resignation for failure to report to work would be final. Mr. Capps later issued a handwritten final decision, affirming Ms. Soto's transfer and termination for failure to report to work.

On April 21, 2008, Ms. Soto filed this lawsuit, pursuant to 42 U.S.C. § 1983, claiming that the City of Roswell, Mr. Loy, and Mr. Capps violated her free speech and procedural due process rights, as guaranteed by the First and Fourteenth Amendments of the United States Constitution. On November 17, 2008, taking into consideration the Supreme Court of New Mexico's teachings on the doctrine of separation of powers, the Court construed Ms. Soto's allegations regarding the

involuntary transfer from her position as Chief Clerk of the Municipal Court to Police Radio Dispatcher in the following manner: Mr. Loy terminated Ms. Soto's employment with the Municipal Court, and Mr. Capps merely offered Ms. Soto employment as a Police Radio Dispatcher. The Court concluded that Ms. Soto had made sufficient factual allegations against Mr. Loy and the City of Roswell to state a claim upon which relief could be granted, pursuant to § 1983, for deprivation of her free speech and procedural due process rights. All claims against Mr. Capps, however, were dismissed because he lacked supervisory authority over Ms. Soto during her employment with the Municipal Court.

On March 9, 2009, Mr. Loy once again moved the Court to dismiss Ms. Soto's procedural due process claims against him, arguing that Ms. Soto lacked a property interest in her position as Chief Clerk of the Municipal Court and that he is entitled to qualified immunity.

## II.     Rule 12(b)(6) Standard.

A claim for relief may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David*, 101 F.3d at 1352. The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## III.    Discussion.

As a preliminary matter, the Court notes that Plaintiff's Response was filed after the deadline set forth in Federal and Local Rules of Civil Procedure. Fed.R.Cvi.P. 6(a); D.N.M.LR-Civ. 7.4. The

4

Court reminds the parties that the procedures for extending the filing deadline are set forth in Fed.R.Civ.P. 6(b) and D.N.M.LR-Civ. 7.4(a).  The Court advises the parties that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).  However, in order to avoid injustice, the Court will waive the applicable sanction at this time. *See* D.N.M.LR-Civ. 1.7. Nevertheless, the parties are admonished that, moving forward, similar leniency should not be expected.

42 U.S.C. § 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege a deprivation of a federal right and that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  At issue in this motion is Ms. Soto's claim that Mr. Loy, acting in his individual capacity, violated her constitutional rights by discharging her from her position with the Municipal Court without granting her sufficient procedural due process.  Mr. Loy has admitted that he was acting under color of state law at all times pertinent to this suit (Doc. 20).

The Due Process Clause of the Fourteenth Amendment prohibits the states from depriving an individual of "life, liberty, or property" without "due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment's protection of procedural due process applies only to an individual deprived of a recognized property or liberty interest. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). "Property interests are not created by the Constitution itself, but may be defined by independent sources such as state statutes, regulations, municipal ordinances, university rules, and even express or implied contracts." *Anglemyer v. Hamilton County Hospital*, 58 F.3d 533, 536 (10th

Cir. 1995). In order to have a property interest in public employment, a plaintiff must have more than a "unilateral expectation;" instead, she must have "a legitimate claim of entitlement to it." *See Roth*, 408 U.S. at 577.

In New Mexico, employment without a definite term is presumed to be at-will. *Trujillo v. Northern Rio Electric Cooperative, Inc.*, 131 N.M. 607, 615, 41 P.3d 333, 341. As a matter of law, a public employee cannot have a property interest in at-will employment. *See Anglemyer*, 58 F.3d at 536-37. The Supreme Court of New Mexico has specifically held that "[p]ersonnel directly employed by the courts cannot constitutionally be included in a general merit system or ordinance." *Mowrer v. Rusk*, 95 N.M. 48, 55, 681 P.2d 886, 893 (N.M. 1980). Therefore, based on the separation of powers doctrine, Ms. Soto cannot have a property interest in continued employment with the Municipal Court based upon a general enactment by the City of Roswell of a merit system or personnel rules and regulations, despite the fact that she believed herself to be a classified employee. *See Id.* Instead, there must be an independent basis, applicable only to employees of the Municipal Court, upon which Ms. Soto can assert a legitimate claim of entitlement to continued public employment. *See Roth.* 408 U.S. at 577.

Ms. Soto alleges that her property interest in continued employment with the Municipal Court was based on Mr. Loy expressly making the City's Personnel Rules and Regulations applicable to the employees of the Municipal Court. However, because the City's Personnel Rules and Regulations explicitly grant authority over a range of employment decisions to municipal officials within the executive branch–including the City Manager and the Human Resources Department–and employ a "best interest of the City" standard, these rules and regulations are unconstitutional as applied to employees within the judicial branch of government. *Mowrer*, 95 N.M.

6

at 52-53, 681 P.2d at 890-91.  Indeed, a municipal official falling within the executive branch of government is prohibited, by the doctrine of separation of powers, from directly or indirectly exercising any level of control over an employee of a municipal court. *Id.*  The provisions of the City's Personnel Rules and Regulations, therefore, do not apply to Ms. Soto, and her property interest in continued public employment cannot be based on the City's Personnel Rules and Regulations.

New Mexico courts, however, recognize implied contracts arising out of an employer's promise not to fire an employee, except for just cause. *Garrity v. Overland Sheepskin Co. of Taos*, 121 N.M. 710, 713, 917 P.2d 1382, 1385 (N.M. 1996).  An implied contract arising out of a public employer's promise not to fire an employee, except for just cause, can create a legitimate entitlement to continued public employment. *Anglemyer*, 58 F.3d at 536.  An implied contract modifying the presumption of at-will employment does not require additional consideration or mutual assent. *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 426-27, 773 P.2d 1231, 1233-34 (N.M. 1989). Indeed, a promise or offer that supports an implied contract might be found in written representations, in oral representations, in the conduct of the parties, or in a combination of representations and conduct. *See Id*. (noting that the totality of the parties' relationship, circumstances, and objectives are to be considered in determining whether the presumption of at-will employment has been rebutted).  Nevertheless, to create contractual rights, the terms of the representations must be sufficiently explicit to create a reasonable expectation of an implied contract. *Garrity*, 121 N.M. at 713, 917 P.2d at 1385.

The Court concludes that Mr. Loy's alleged representations to the employees of the Municipal Court that the City's Personnel Rules and Regulations were applicable to them could have

created implied contractual rights giving rise to Ms. Soto's property interest in continued public employment. Whether an implied contract was actually formed is a question of fact. *See Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 670, 857 P.2d 776, 781 (N.M. 1993). The Court notes, however, that the only legal entitlement that could have been created out of an implied contract would have been Ms. Soto's contractual right not to have her employment with the Municipal Court terminated, except for just cause. *See Garrity*, 121 N.M. at 713, 917 P.2d at 1385. In other words, the specific provisions of the City's Personnel Rules and Regulations could not have become applicable to Ms. Soto via implied contract, especially because they are unconstitutional as applied to judicial branch employees. *Mowrer*, 95 N.M. at 52-53, 681 P.2d at 890-91. Nevertheless, Ms. Soto's allegations are sufficient to plausibly suggest that, based on an implied contract, she had a property interest in continued public employment and could not be terminated from her position with the Municipal Court without just cause.

 "While a municipality may elect not to confer a property interest in public employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Minimum procedural requirements are a matter of federal law, and they are not diminished by the fact that a municipality has specified its own procedures. *Vitek v. Jones*, 445 U.S. 480, 491 (1980). The root requirement of the Due Process Clause mandates notice and a hearing appropriate to the nature of the case, granted at a meaningful time and in a meaningful manner. *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). Indeed, "[t]he tenured public employee is entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." *Loudermill*, 470 U.S. at 546.

In this case, the procedural mandates outlined in the City's Personnel Rules and Regulations are inapplicable to Ms. Soto and irrelevant to this Court's analysis as to what process is due before she could have been terminated from her public employment. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In addition, any pre-termination or post-termination procedures provided by Mr. Capps or another executive branch official are legally insufficient because the Due Process Clause requires a "meaningful opportunity to invoke the discretion of the decisionmaker," which this Court interprets to be a judicial branch official with actual authority to alter the decision to terminate Ms. Soto's employment with the Municipal Court. *See Loudermill* 470 U.S. at 543. In other words, the discharge of Ms. Soto from her position with the Municipal Court does not constitute a situation in which the constitutional doctrine of separation of powers provides for some overlap in the exercise of executive and judicial functions. *See Mowrer*, 95 N.M. at 53, 681 P.2d at 891.

Ms. Soto alleges that, on November 7, 2007, Mr. Loy informed her that she was being transferred from her position as Chief Clerk of the Municipal Court to the position of Police Radio Dispatcher, effectively providing her notice of the fact that her employment with the Municipal Court was being terminated. Ms. Soto alleges that she was not provided with an explanation of the reasons she was being discharged from the Municipal Court nor was she given a meaningful opportunity to present her side of the story to Mr. Loy or another judicial branch official. The additional process Ms. Soto allegedly received cannot be described as meaningful because it was before executive branch officials and did not include an explanation of the reasons she was being discharged from the Municipal Court. *See Mowrer*, 95 N.M. at 53, 681 P.2d at 891; *Loudermill* 470 U.S. at 543. Indeed, Ms. Soto was allegedly told repeatedly that her "transfer"–i.e., discharge–from her position with the Municipal Court was not a disciplinary action. Ms. Soto, therefore, has made

9

sufficient factual allegations against Mr. Loy to state a claim upon which relief can be granted, pursuant to § 1983, for deprivation of her procedural due process rights. *Twombly*, 127 S.Ct. at 1965.

State and local officials who carry out executive or administrative functions are entitled to assert the defense of qualified immunity. *See Brosseau v. Haugen*, 543 U.S. 194, 194-97 (2004). Qualified immunity will protect a public official who has violated a plaintiff's federally protected rights so long as the official did not violate clearly established federal law. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). The related standards for qualified immunity are whether the public official acted in an objectively reasonable manner and whether the public official had fair warning that his or her conduct violated a federal law. *United States v. Lanier*, 520 U.S. 259, 270 (1997). Indeed, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Therefore, when qualified immunity is asserted as a defense, the critical issue is whether the public official violated a federally protected right that was clearly established at the time he or she acted. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A federally protected right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson*, 483 U.S. at 640.

The requirements of procedural due process, as they relate to the discharge of tenured public employees, were well established at the time Ms. Soto was discharged from her position with the Municipal Court. *See Loudermill*, 470 U.S. at 546. To discharge a public employee, who had a property interest in continued public employment, without providing notice of the charges against her, an explanation of the employer's evidence, and a meaningful opportunity to present her side of the story is an obvious violation of clearly established federal law. *See Anderson*, 483 U.S. at 640;

*Loudermill*, 470 U.S. at 546.  Furthermore, it is not objectively reasonable in the State of New Mexico for a judicial branch official to abdicate to executive branch officials the responsibility of providing terminated judicial branch employees with meaningful discharge procedures, especially in light of the Supreme Court of New Mexico's clear articulation of the doctrine of separation of powers in *Mowrer v. Rusk*. *See Mowrer*, 95 N.M. at 55, 681 P.2d at 893 (noting that "[t]he placement in [the executive branch] of control of the incidence of employment of personnel directly connected with the operation of the municipal court is improper as an invasion of the independence of the judiciary").  Mr. Loy, therefore, is not entitled to qualified immunity as to Ms. Soto's § 1983 procedural due process claim.

**IV.   Conclusion.**

Ms. Soto has made sufficient factual allegations against Mr. Loy to state a claim upon which relief can be granted, pursuant to § 1983, for deprivation of her procedural due process rights.  Mr. Loy is not entitled to qualified immunity.

**WHEREFORE,**

**IT IS ORDERED** that Mr. Loy's Second Motion to Dismiss Plaintiff's Procedural Due Process Claim is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**