IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROSEMARY SOTO,**

      **Plaintiff,**

vs.                                                   **No. CIV 08-0404 RB/LAM**

**CITY OF ROSWELL, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff Rosemary Soto's Motion for Partial Summary Judgment on her 42 U.S.C. § 1983 claim for deprivation of procedural due process, filed March 5, 2009. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Ms. Soto's Motion for Partial Summary Judgment is **DENIED**.

**I.  Background.**

On April 21, 2008, Ms. Soto filed this suit for alleged injuries she suffered incident to her involuntary transfer from her position with the Municipal Court of the City of Roswell. Ms. Soto has alleged that Defendants City of Roswell, Lawrence Loy, and John Capps violated her free speech and procedural due process rights, as guaranteed by the First and Fourteenth Amendments of the United States Constitution. On November 17, 2008, taking into consideration the Supreme Court of New Mexico's teachings on the doctrine of separation of powers, the Court construed Ms. Soto's allegations regarding the alleged involuntary transfer from her position as Chief Clerk of the Municipal Court to Police Radio Dispatcher in the following manner: Mr. Loy terminated Ms. Soto's employment with the Municipal Court, and Mr. Capps merely offered Ms. Soto employment as a Police Radio Dispatcher. The Court concluded that Ms. Soto had made sufficient factual

allegations against Mr. Loy and the City of Roswell to state a claim upon which relief can be granted, pursuant to § 1983, for deprivation of her free speech and procedural due process rights. All claims against Mr. Capps, however, were dismissed because he lacked supervisory authority over Ms. Soto during her employment with the Municipal Court. Ms. Soto now moves the Court for partial summary judgment against the City of Roswell and Mr. Loy on her procedural due process claims.

The following material facts have been admitted by the City of Roswell and Mr. Loy: (1) Mr. Loy was acting under color of law at all times incident to this suit; (2) Mr. Loy met with Ms. Soto on November 7, 2007 to inform her that she was being transferred from her position with the Municipal Court to a position as a police radio dispatcher; (3) Mr. Loy told Ms. Soto at the November 7, 2007 meeting that the transfer was not a disciplinary action; (4) On December 10, 2007, Ms. Soto was given notice of termination for failure to report to work at the police radio dispatcher position.

## II.    Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). A plaintiff that moves for summary judgment cannot merely rest on the pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). Instead, to meet its initial burden, a plaintiff must produce affirmative evidence demonstrating that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. *Id.* Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

**III.   Discussion.**

As a preliminary matter, the Court notes that Defendant City of Roswell's Response was filed after the deadline set forth in Federal and Local Rules of Civil Procedure. Fed.R.Civ.P.

6(a); D.N.M.LR-Civ. 7.4.  Because the City of Roswell does not bear the burden of persuasion at trial, it technically was not required to respond to Ms. Soto's Partial Motion for Summary Judgment unless she met her initial burden of demonstrating (1) that there is an absence of a genuine issue of material fact and (2) that she is entitled to judgment as a matter of law. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  Noting, however, that the City of Roswell chose to respond after the deadline, the Court reminds the parties that the procedures for extending the filing deadline are set forth in Fed.R.Civ.P. 6(b) and D.N.M.LR-Civ. 7.4(a) and the sanction for failing to meet a required deadline is set forth in D.N.M.LR-Civ. 7.1(b).  As both sides of this dispute have now been warned, the Court advises the parties that, moving forward, the Court will strictly apply the Federal and Local Rules of Civil Procedure and construe the failure to file and serve a response in opposition to a motion within the time prescribed as consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

On summary judgment, Ms. Soto cannot merely rest on her pleadings; instead, she is required to produce affirmative evidence proving that there is no genuine issue of material fact and that she is entitled to prevail in this suit as a matter of law. *See Behrens*, 516 U.S. 299, 309 (1996); *Adler*, 144 F.3d at 670.  In the context of her procedural due process claim, Ms. Soto is required to demonstrate, through the introduction of evidence, (1) that she had a protected property interest in her employment with the Municipal Court, (2) that she was deprived of that property interest, and (3) that she was denied the appropriate level of process in connection with the deprivation of her protected property interest. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

The only evidence Ms. Soto produced in her initial motion for summary judgment was a copy of a memorandum, dated August 22, 2007, from Mr. Loy to Mr. Capps, in which Mr. Loy

purports to adopt the City of Roswell Personnel Rules and Regulations for employees of the Municipal Court.  Although this memorandum constitutes probative evidence suggesting that the conditions for an implied contract may be present, it is insufficient, standing alone, to demonstrate that there is no genuine issue of material fact on the question.  Indeed, the totality of the circumstances relative to Ms. Soto's employment relationship with the Municipal Court and the City of Roswell must be considered in determining whether an implied contract gave Ms. Soto a property interest in continued public employment with the Municipal Court. *See Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 426-27, 773 P.2d 1231, 1233-34 (N.M. 1989).

The admissions of the parties, as construed by the Court, make it clear that Ms. Soto was terminated from her position with the Municipal Court.  However, Ms. Soto has failed to produce any evidence regarding the process she received or did not receive incident to her involuntary transfer from her position with the Municipal Court.  For example, it is unclear what level of process Ms. Soto received at her November 7, 2007 pre-termination meeting with Mr. Loy.  Furthermore, the file memorandum, dated December 13, 2007, which is attached to Plaintiff's Reply to Defendant Loy's Response, suggests that Mr. Loy also provided Ms. Soto with some level of post-termination process. Ms. Soto, and not Mr. Loy or the City of Roswell, has the burden of proving that she did not receive the appropriate level of process in connection with the termination of her employment with the Municipal Court. *See Behrens*, 516 U.S. at 309.

**IV.     Conclusion.**

Ms. Soto has failed to carry her initial burden of demonstrating, through the introduction of affirmative evidence, that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

**WHEREFORE,**

**IT IS ORDERED** that Ms. Soto's Motion for Partial Summary Judgment is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**